MATTHEW L. SEROR (SBN: 235043)
mseror@buchalter.com
NEUSHA ETEMAD (SBN:329455)
netemad@buchalter.com
BUCHALTER LLP
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

Attorneys for Plaintiff
PATRICK TA BEAUTY, LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICK TA BEAUTY, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC., a Rhode Island corporation; AKSTROM IMPORTS, Inc., a corporation,<br><br>Defendant. | '26CV5867 JES DEB<br><br>**COMPLAINT FOR:**<br><br>**(1) TRADEMARK INFRINGEMENT;**<br><br>**(2) COMMON LAW TRADEMARK INFRINGEMENT;**<br><br>**(3) UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Patrick Ta Beauty, LLC ("Plaintiff"), by and through its attorneys, brings this action and alleges against Defendants CVS Pharmacy, Inc. ("CVS") and Akstrom Imports, Inc. ("Akstrom") (collectively, "Defendants"):

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition arising from Defendants' willful use of Plaintiff's trademarks in a manner that is likely to cause confusion with Plaintiff's registered and common law trademarks. By this action, Plaintiff seeks damages and injunctive relief against Defendants.

2. This Court has subject matter jurisdiction over this matter pursuant to the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

3. This Court has personal jurisdiction over CVS because CVS operates retail stores in this judicial district where it is selling the infringing products identified herein.

4. The Court has personal jurisdiction over Akstrom insofar as it is the party who supplied to Defendant CVS with the unauthorized and infringing goods identified herein. Plaintiff is informed and believes, and on that basis alleges, Akstrom shipped the infringing product to CVS stores within this judicial district or otherwise supplied the infringing goods to CVS with the intent that those goods be offered for sale and sold in California.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein, including the likelihood of consumer confusion alleged herein, have occurred in this judicial district. Venue is also proper in this Court due to Defendants being subject to personal jurisdiction in this Court.

## THE PARTIES

6. Plaintiff is a Delaware limited liability company with a principal place of business located at 8560 W. Sunset Blvd., Suite 100, West Hollywood, California 90069.

7. Plaintiff is informed, and based thereon alleges, that CVS is a Rhode Island corporation with principal address of One CVS Drive, Woonsocket, RI 02895. CVS is registered to do business in California, does business in California and operates retail stores in this judicial district.

8. Plaintiff is informed, and based therein alleges, that Akstrom is a corporation of unknown domicile. Plaintiff is informed and believes, and on that basis alleges, that Akstrom does business in the United States, and specifically in

this judicial district by purchasing, selling and shipping products to its customers for eventual sale to consumers.

## PLAINTIFF'S BRAND AND MARKS

9. Since as least as early as 2018, Plaintiff has been manufacturing, marketing, offering for sale and selling high-quality cosmetics and related products.

10. Plaintiff is the owner of several trademarks that it uses in commerce in connection with the marketing, promotion, offering for sale and sale of its products.

11. Plaintiff is the owner of the following United States Trademark Registrations:

(a) United States Trademark Registration No. 6653954 for the mark PATRICK TA. This registration covers, "Compacts containing make-up; Cosmetics; Make-up; Make-up sets" in Class 3; and

(b) United States Trademark Registration No. 6202397 for the mark MAJOR HEADLINES. This registration covers, "Compacts containing make-up; Cosmetics; Make-up" in Class 3.

12. In addition to the foregoing registered marks, Plaintiff owns common law rights in the following marks, which it uses in connection with the marketing, promotion, offering for sale and sale of its cosmetic products: OH SHES SINGLE; SHES NOT FROM HERE; FULL SYRINGE; NEED HER; TWO CCS; and MAJOR VOLUME. Plaintiff's registered trademarks together with its common law rights, collectively, the "PTB Marks").

13. Plaintiff's PTB MARKS are valid and subsisting.

14. Plaintiff's use of the PTB Marks has been continuous since the first usage thereof in connection with the respective products on which they appear.

15. Through Plaintiff's use of its PTB Marks, consumers and industry professionals have come to recognize Plaintiff as the source of high-quality and trend-setting products and unparallelled customer service.

16. Plaintiff has spent substantial amounts of time, energy and expense in the design, development, marketing and offering of its goods under the PTB Marks. As a result of the foregoing, the PTB Marks have established and continue to enjoy a tremendous reputation and significant goodwill both within its industry and among consumers. That reputation and goodwill is specifically associated with Plaintiff and the PTB Marks.

17. Plaintiff carefully controls the sales channels through which it sells its products.

18. Plaintiff's products sold through its authorized sales channels come with a warranty as to the quality of the products and against any product defects or damage. In addition, if a product does not meet the consumer's expectations, Plaintiff permits returns of unopened or gently used products for return or exchange. The warranty provided to customers who purchase Plaintiff's products through authorized channels is one way in which Plaintiff protects and safeguards its reputation and goodwill among consumers and fosters brand loyalty.

## <u>DEFENDANTS' INFRINGING CONDUCT</u>

19. In or about September 2026, Plaintiff first became aware of CVS' marketing, offering for sale and sale of Plaintiff's unauthorized products in its stores, including at least one store in this judicial district.

20. Plaintiff's investigation revealed that CVS acquired the products it is selling from Akstrom.

21. The products being sold in CVS' stores bear the PTB Marks on product packaging and in point of sale marketing and advertising materials, as reflected below:


PRESTIGE
BEAUTY
FAVORITES
Lip Crayon and Plumping Lip Gloss


PATRICK TA


PRESTIGE
BEAUTY
FAVORITES
She's Not From Here
(Orange Red)
Oh She's Single
(Neutral Nude)
Full Syringe
(Bright Cherry)
2 CC's
(Juicy Pink)
Need Her
(Soft Blush)

22. Plaintiff is informed and believes, and on that basis alleges, that Akstrom was responsible for the creating and providing the CVS the point of sale materials shown above.

23. Plaintiff never authorized either CVS or Akstrom to sell Plaintiff's products or use the PTB Marks in connection with the sale of products in manner they are being used.

24. Plaintiff is informed and believes, and on that basis alleges, that the goods being sold by CVS are materially different from authorized goods sold by Plaintiff through its authorized sales channels because consumers who purchase the CVS products do not enjoy the same warranty terms and access to Plaintiff's customer service that accompany goods purchased through authorized channels.

25. Defendants' use of Plaintiff's PTB Marks in its advertising, promotion and point of sale displays far exceeds any permissible use of these marks that may be afforded Defendants as a matter of law.

26. Plaintiff is informed and believes, and on that basis alleges, that Defendants' usage of the PTB Marks in the manner shown and described herein was undertaken to draw attention to the products and to cause consumers to believe that the Defendants, or its sale of the products being sold, are authorized, sponsored, endorsed or approved by Plaintiff.

27. Defendants' unauthorized usage of the PTB Marks began well after Plaintiff's first use of its marks and the issuance of the Plaintiff's trademark registrations as referenced herein.

28. Defendants' use of the PTB Marks in the manner reflected herein is likely to cause confusion among consumers as to the true source of the goods being sold by Defendants and as to whether Defendants are authorized, sponsored, endorsed or approved by Plaintiff.

29. Moreover, Plaintiff is informed and believes, and on that basis alleges, that consumers are likely to become dissatisfied with the material differences existing between Plaintiff's authorized products and the products being sold by Defendants. That dissatisfaction would reflect poorly on Plaintiff (who consumers will likely think it is solely responsible for the goods sold by Defendants) and Plaintiff's reputation and goodwill will be tarnished as a result.

30. Plaintiff is informed and believes, and on that basis alleges, that Defendants were fully aware of Plaintiff's PTB Marks and the material differences between Plaintiff's authorized goods and the products being sold by Defendants when they engaged in the unauthorized acts alleged herein.

31. Plaintiff is informed and believes, and on that basis alleges, that Defendants were also fully aware of the likelihood of consumer confusion as a result of Defendants' conduct as alleged herein and the use of the PTB Marks but acted in spite of that knowledge intentionally and willfully.

32. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendants were on actual and constructive notice of Plaintiff's prior rights in and to the PTB Marks, and willfully and intentionally infringed on Plaintiff's rights in order to trade on Plaintiff's valuable goodwill.

33. On or about September 24, 2026, Plaintiff put Defendants on notice of the conduct alleged herein and demanded that Defendants' acts of infringement immediately stop. In the weeks since, Defendants have failed to meaningfully respond to Plaintiff.

34. Defendants' continued, willful and unauthorized use of the PTB Marks on goods that are materially different from Plaintiff's authorized goods will not only continue to cause confusion in the marketplace, but will result in significant harm and damage to Plaintiff.

**COUNT I**

**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

**(LANHAM ACT - 15 U.S.C. §§ 1114 & 1125, ET SEQ.)**

35. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 34 as if fully set forth herein

36. Plaintiff uses its PTB Marks in connection with cosmetics, make-up and make-up sets.

37. Plaintiff is informed and believes, and on that basis alleges, that Defendants were fully aware and had actual notice, in addition to the constructive notice associated with Plaintiff's Registrations, of Plaintiff's rights in its PTB Marks, and Plaintiff's rights therein.

38. Despite the foregoing knowledge, Defendants are using marks that are identical to Plaintiff's PTB Marks in an attempt to trade off Plaintiff's goodwill.

39. Defendants' conduct as alleged herein is likely to cause confusion in the marketplace, cause mistake, or deceive consumers into believing that Defendants are authorized, sponsored, endorsed or approved by Plaintiff, or that Defendants' sale of the products referenced herein is sponsored or approved by Plaintiff.

40. By virtue of its knowledge of Plaintiff and its PTB Marks, Defendants' continued infringement is willful and intentional and undertaken without regard for the harm that such infringement would cause Plaintiff.

41. Plaintiff is informed and believes, and based thereon alleges, that unless restrained, Defendants will continue the acts complained of herein, all to Plaintiff's irreparable damage. It will be extremely difficult to ascertain the amount of compensation that would afford Plaintiff adequate relief therefor, and unless Defendants are preliminarily and permanently enjoined from using the PTB Marks as alleged herein, Plaintiff will be irreparably damaged.

**COUNT II**

**COMMON LAW TRADEMARK INFRINGEMENT**

42. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

43. Plaintiff uses the PTB Marks to conduct its business and to offer goods for sale to the public.

44. Plaintiff's use of its PTB Marks is nationwide, as Plaintiff's products are marketed and offered across the United States.

45. Plaintiff is informed and believes, and on that basis alleges, that Defendants had actual notice of Plaintiff, Plaintiff's PTB Marks and Plaintiff's rights therein before undertaking the acts complained of herein.

46. Defendants' use of marks that are identical to the PTB Marks in connection with the sale of cosmetics and make-up is likely to cause confusion in the marketplace, cause mistake or deceive consumers into believing that Defendants are authorized, sponsored, endorsed or approved by Plaintiff, or that Defendants' actions and/or products are endorsed, sponsored, approved or affiliated with Plaintiff.

47. Defendants' ongoing use of marks identical to the PTB Marks constitutes an act of intentional and willful infringement.

48. Plaintiff seeks damages from this Court on the grounds that Defendants have infringed, and continue to infringe, on the PTB Marks.

**COUNT III**

**UNFAIR COMPETITION**

**(CALIFORNIA BUS. & PROF. CODE § 17200 AND THE COMMON LAW)**

49. Plaintiff hereby incorporates Paragraphs 1 through 34, inclusive, herein by reference.

50. California Business and Professions Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

51. Defendants' actions as alleged herein constitute unlawful business acts and/or practices under Cal. Bus. Prof. Code § 17200, and the common law.

52. Defendants' conduct constitutes unfair, unlawful and fraudulent business acts and/or practices due to the use of infringing copies of Plaintiff's PTB Marks while engaging in a business practice.

53. Defendants' conduct also constitutes fraudulent business acts and practices because Defendants are deceptively and unfairly marketed and advertised products to consumers that, while bearing the PTB Marks, are materials different from Plaintiff's authorized goods.

54. As a direct and proximate result of Defendants' wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to its business reputation and goodwill. Defendants will continue, unless retrained, to use marks which are identical to the PTB Marks and to deceptively and unfairly market, advertise, and promote the products reflected herein. This will cause irreparable damage to Plaintiff. Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, and their respective officers, agents, and employees, and all persons acting in concert with it, from engaging in further acts of unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against the Defendants as follows:

1. Finding that Defendants have: (1) infringed Plaintiff's trademark rights under 15 U.S.C. § 1114, and the common law; and (2) violated Cal. Bus. & Prof. Code § 17200 by engaging in unlawful, unfair, and fraudulent business practices.

2. Ordering that Defendant and its subsidiaries, officers, agents, directors, servants, employees, partners, representatives, licensees, related companied, assigns, and attorneys, and all persons in active concert or participation with Defendants or with any of the foregoing be enjoined, on a worldwide basis, from:

(a) Selling, distributing, advertising, or publicizing any products using any mark which is identical to Plaintiff's PTB Marks, or any other mark, name, symbol, or logo that is a reproduction, counterfeit, copy, or colorable imitation of, incorporates or is confusingly similar to, or is substantially indistinguishable from the PTB Marks;

(b) Selling, distributing, advertising, or publicizing any products under any mark which is identical to any of Plaintiff's PTB Marks, or any other mark, name, symbol, or logo that is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants' business or products are sponsored or endorsed by Plaintiff, is authorized by Plaintiff, or is connected in some way with Plaintiff or the PTB Marks;

(c) Falsely implying Plaintiff's endorsement of, sponsorship of, or affiliation with Defendants' business, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiff and from otherwise interfering with, or injuring, the Plaintiff's PTB Marks, or the goodwill associated therewith;

(d) Engaging in any act that injures, or is likely to injure, Plaintiff's business reputation;

(e) Representing or implying that Defendants are in any way sponsored by, affiliated with, or endorsed or licensed by Plaintiff;

(f) Knowingly assisting, inducing, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to 2(e) above.

3. Ordering that Defendants be required to deliver to Plaintiff for destruction all product, goods, advertisements, promotional materials, or other collateral that contain or feature the PTB Marks, or any other trademarks, names or logos, that are a counterfeit, copy, or colorable imitation of, confusingly similar to, or substantially indistinguishable from the PTB Marks, as permitted under the Lanham Act, 15 U.S.C. § 1118;

4. Granting an award of damages to Plaintiff, as a result of Defendants infringement of the PTB Marks, as permitted under the Lanham Act, 15 U.S.C. §§ 1114; 1116; 1117(a); 1117(c); 1125 *et seq*., and according to proof at the time of trial.

5. Granting an award of three times the amount of damages and increased profits pursuant to 15 U.S.C. § 1117(b) for Defendant's infringement of the PTB Marks.

6. Granting an award of Plaintiff's costs, expenses, and reasonable attorneys' fees.

7. Granting an award of pre-judgment interest.

8. Granting such other and further relief as is just and proper.

Dated: October 13, 2026

BUCHALTER
A Professional Corporation

By: *Matthew L. Seror*
MATTHEW L. SEROR
Attorneys for Plaintiff
PATRICK TA BEAUTY, LLC

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues in the Complaint that are triable by jury.

Dated: October 13, 2026 BUCHALTER LLP

By: *Matthew Seror*
MATTHEW SERSOR
Attorneys for Plaintiff
PATRICK TA BEAUTY, LLC